IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Glen Keith LaConey, | Civil Action No. 0:18-cv-1101-CMC |
|           Petitioner, | |
| vs. | **ORDER** |
| Ronaldo D. Myers, | |
|           Respondent. | |

This matter is before the court on LaConey's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, requesting reinstatement of his bond and release from state custody. ECF No. 1.[1] In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(d), D.S.C., the matter was referred to United States Magistrate Judge Paige J. Gossett for pre-trial proceedings. On May 2, 2018, the Magistrate Judge issued a Report recommending this matter be summarily dismissed without prejudice, and without requiring Respondent to file a return. ECF No. 7. The Magistrate Judge advised Petitioner of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. Petitioner filed objections on May 11, 2018. ECF No. 11.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo*

---

[1] Petitioner also filed an action pursuant to 42 U.S.C. § 1983, alleging the same facts and requesting the same relief. *See* Civil Action No. 3:18-cv-850, *LaConey v. Wilson*. That action was dismissed on April 18, 2018, and a motion to reconsider judgment was denied on May 8, 2018. *See* No. 3:18-cv-850, ECF Nos. 12, 16.

determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b).

After considering *de novo* the record, the applicable law, the Report and Recommendation of the Magistrate Judge, and Petitioner's objections, the court agrees with the Report's recommendation that the Petition be dismissed.

Petitioner alleges he was arrested in Richland County on July 3, 2014, and charged with harassment and threatening the use of a destructive device against the Richland County Judicial Center.[2] ECF Nos. 1, 11. Petitioner was released on bond on October 3, 2014 and indicted on November 12, 2014. ECF No. 1-1 at 2-3. Although trials were set for December 7, 2015 and May 31, 2016, neither occurred. Instead, the state requested a competency examination and this was granted on July 21, 2016. *Id.* at 3. Petitioner's bond was revoked, and he submitted to a competency examination on August 1, 2016. After the examination, Petitioner states the trial court refused to release him on bond, and did not set a competency hearing date. On May 22, 2017, Judge McMahon held a hearing on Petitioner's *pro se* motion, relieved his defense counsel, and appointed new counsel. *Id.* at 4. On August 31, 2017, Judge Newman held a hearing on

---

[2] The facts alleged by Plaintiff and recited herein are identical to those raised in his § 1983 action.

Petitioner's motion for reinstatement of bond, which was denied.[3] *Id.* A competency hearing was held on February 2, 2018, and Petitioner was found competent to stand trial. ECF No. 11. at 4. A trial date was set for the week of June 11, 2018. *Id.*

Petitioner filed a Petition for Original Jurisdiction and for Declaratory Judgment and Motion to Relieve Counsel in the South Carolina Supreme Court in January 2018. *Id.* The Supreme Court requested the State file a return, which it did on February 22, 2018, and, according to Petitioner, the Petition was dismissed. *Id.*

In his objections, Petitioner argues the abstention doctrine set forth in *Younger v. Harris*, 401 U.S. 37 (1971) and its progeny should not apply to his case because he does not have an adequate opportunity to raise his claims in the ongoing state proceedings. ECF No. 11 at 5. He contends "extraordinary circumstances" exist which render the state court "incapable of fairly adjudicating" the issues before it and urges a "relaxation of the deference to be accorded to the state criminal process." *Id*. at 6. He also argues the state court is an alleged victim in the underlying criminal case, and therefore has "lost jurisdiction to adjudicate the matter." *Id.* at 7. Finally, Petitioner objects to the finding he can seek relief through his counsel in the state court matter, because "de facto counsel has no valid appointment to represent Petitioner" and has "refused to pursue the matter further." *Id.* at 8.

---

[3] Plaintiff alleges he has been improperly held without bond after his competency examination in 2016.

3

The court finds Petitioner's objections unavailing. The court has reviewed the facts as submitted by Petitioner, who requests release from his "unlawful detention." However, relief is not available in this court for the reasons stated by the Magistrate Judge. This court will not interfere with a state criminal prosecution due to the prohibition in *Younger*. Further, Petitioner cannot obtain dismissal of an indictment or prevention of prosecution through habeas corpus. Although Petitioner alleges he is unable to raise these issues in state court because his appointed counsel refuses to do so, Petitioner has in fact raised these issues at the state trial and appellate levels.

Accordingly, the court adopts the Report by reference in this Order. This Petition is dismissed without prejudice and without requiring Respondent to file a return.

**IT IS SO ORDERED.**

s/Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
May 29, 2018